## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:23-CR-00170 |
| v. | (Chief Judge Brann) |
| JAMES CASHER, | |
| Defendant. | |

## MEMORANDUM OPINION

### MARCH 22, 2024

## I.    BACKGROUND

On June 21, 2023, a Grand Jury sitting in the Middle District of Pennsylvania returned a three-count indictment against Defendant, James Casher, charging him with: enticement in violation of 18 U.S.C. § 2422(b); receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1); and possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).[1] Casher subsequently filed a motion to suppress evidence on January 29, 2024.[2] That motion is now ripe for disposition; for the reasons that follow, it is denied.

## II.    DISCUSSION

### A.    Factual Background

In the affidavit of probable cause, Federal Bureau of Investigation ("FBI") Special Agent Jacob Fox described how a confidential source provided information

---

[1]    *See* Doc. 16 (Indictment).
[2]    *See* Doc. 40 (Motion to Suppress Evidence).

concerning the "distribution of child pornography from an [Internet Protocol ("IP"] address resolving in Tioga," Pennsylvania.[3] This confidential source "is a moderator/administrator of an adult chat website, [Website A], who" determined that "a user bearing username 'Jim50'…posted Child Sexual Abuse Material (CSAM)" on March 6, 2023.[4] CSAM was then defined in the warrant application as "depicting children engaged in sexually explicit conduct i.e.: sexual intercourse to include genital-genital, oral-genital, anal-genital, or oral-anal; masturbation; or the lewd and lascivious exhibition of the genitals or pubic area."[5] The image uploaded by "Jim50" was described as "a color image of a nude female minor with genitalia exposed."[6]

Through the confidential source, the FBI Jacksonville Division identified the IP address used by "Jim50" on March 6, 2023;[7] Charter Communications then provided the following information for this IP address:

"Subscriber Name: Tammy Casher

Service Address: 193 Sunset Cir[cle], Tioga, PA 169469761

User Name or Features: jamesrcasher@yahoo.com, tammylcasher@gmail.com

Phone Number: [Redacted]"[8]

---

[3]   Doc. 40 (Motion to Suppress Evidence), Ex. A (Search and Seizure Warrant) at 27.
[4]   *Id.*
[5]   *Id.*
[6]   *Id.*
[7]   *Id.*
[8]   *Id.* at 27-28.

### 1.    Background on the Confidential Source[9]

In 2015, this confidential source "contacted the FBI Jacksonville Division to report apparent child pornography posted in the adult chat portion of an adult chat website" that was referred to as "Website A."[10] The confidential source "has been a moderator of Website A for several years and is able to view usernames and IP addresses for all users of the chatroom" that he or she moderates.[11] When the confidential source "observes a posting that [he or she] believe contains criminal activity, to include, but not limited to, child pornography, hate crimes, and violence, [the source] conducts a 'screen recording' of the posting which contains the following: the posting, the username of the individual making the post, and the IP address associated with the user and provides the information to" a special agent in the FBI Jacksonville Division.[12]  That special agent "advised [Special Agent Fox] that [the] FBI Jacksonville Division has utilized [this confidential source] for approximately six years and has found" them to be "credible."[13] Further, the "FBI Jacksonville Division has disseminated information provided by the [confidential source] which has led to at least twelve arrests and/or search warrant executions and additional investigations around the United States."[14]

---

[9]   Special Agent Fox learned this information from a special agent and staff operations specialist in the FBI Jacksonville Division. *See id.* at 28.
[10]  *Id.*
[11]  *Id.*
[12]  *Id.* at 28-29.
[13]  *Id.* at 29.
[14]  *Id.*

### 2.   Surveillance of the Targeted Address

On May 17, 2023, FBI "[a]gents conducted surveillance at 193 Sunset Circle, Tioga, PA 16946."[15] During this surveillance, the agents observed three cars at the residence and identified one license plate.[16] This license plate "was registered to James [Casher] with a registration address" of 193 Sunset Circle.[17]

### 3.   Additional Information Included in the Warrant Application

Also included in the warrant application was boilerplate, albeit rather detailed, descriptions of how computers, electronic devices, and the internet are used by child pornography collectors; how collectors of child pornography store the illegal material on electronic devices and how electronic searches of these devices can be performed; and the general characteristics of individuals who collect child pornography.[18] Special Agent Fox's professional qualifications and relevant statutory definitions were also provided.[19]

## B.   Analysis

Casher contends that the warrant "did not establish probable cause because the magistrate judge was unable to independently evaluate whether the alleged image met the legal definition of child pornography" and the affidavit did not

---

[15]   *Id.*
[16]   *See id.* at 29-30.
[17]   *Id.* at 30.
[18]   *See id.* at 20-26, 30-36.
[19]   *See id.* at 16-20.

"sufficiently connect the alleged illegal activity" to him.[20] In doing so, Defendant seeks the suppression of "all primary and derivative evidence" obtained from the search of 193 Sunset Circle.[21]

"A warrant is valid if, given the totality of the circumstances, there is a 'fair probability that … evidence of a crime will be found in a particular place.'"[22] "When evaluating whether there was probable cause to issue a search warrant, '[my] role is not to make [my] own assessment as to whether probable cause existed."[23] "'Rather, [I] am constrained to determine only whether the affidavit provides a sufficient basis for the decision the magistrate judge actually made.'"[24]

### 1.    Description of the Image

"When faced with a warrant application to search for child pornography, a magistrate must be able to independently evaluate whether the contents of the alleged images meet the legal definition of child pornography."[25] "That can be accomplished in one of three ways: (1) the magistrate can personally view the images; (2) the search-warrant affidavit can provide a 'sufficiently detailed description' of the images; or (3) the search-warrant application can provide some

---

[20]  Doc. 40 (Brief in Support of Motion to Suppress Evidence) at 6, 9.

[21]  *Id.* at 11.

[22]  *United States v. Lee*, 701 F. App'x 175, 180 (3d Cir. 2017) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).

[23]  *Id.* at 179-80 (quoting *United States v. Jones*, 994 F.2d 1051, 1057 (3d Cir. 1993)).

[24]  *Id.*

[25]  *United States v. Pavulak*, 700 F.3d 651, 661 (3d Cir. 2012) (citing *New York v. P.J. Video*, 475 U.S. 868, 874 n.5 (1986)).

other facts that tie the images' contents to child pornography."[26] Since there is no indication that the magistrate judge viewed the image, only the second and third ways will be evaluated.

### a.    Sufficiently Detailed Description

The description provided by Special Agent Fox does more than make a conclusory assertion that the image is child pornography.[27] But to be considered CSAM, it must contain a "lewd and lascivious exhibition of the genitals or pubic area" of the minor.[28] "The Third Circuit has adopted the so-called *Dost* factors to determine if a photograph depicts lascivious conduct."[29] The six *Dost* factors are:

> "(1) Whether the focal point of the visual depiction is on the child's genitalia or pubic area;
>
> (2) Whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;
>
> (3) Whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;
>
> (4) Whether the child is fully or partially clothed, or nude;
>
> (5) Whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; [and]

---

26   *Id.* (quoting *United States v. Miknevich*, 638 F.3d 178, 183 (3d Cir. 2011)).

27   *See e.g.*, *United States v. Fager*, Crim. A. No. 16-293, 2018 U.S. Dist. LEXIS 34876, at *14 (E.D. Pa. Mar. 1, 2018) ("As the affiant in *Pavulak* failed to do, Detective Ritter does not aver that these male juveniles were nude.").

28   Doc. 40 (Motion to Suppress Evidence), Ex. A (Search and Seizure Warrant) at 27.

29   *United States v. Strausbaugh*, Crim. No. 1:11-CR-96, 2019 U.S. Dist. LEXIS 85715, at *27 (M.D. Pa. May 21, 2019) (Conner, J.) (citing *United States v. Franz*, 772 F.3d 134, 156 (3d Cir. 2014)).

(6) Whether the visual depiction is intended or designed to elicit a sexual response in the viewer."[30]

"The presence of only one factor is insufficient to implicate lascivious conduct, but all 'six factors need not be present.'"[31] The fourth factor is clearly satisfied as the minor is "nude" in the image.[32] As there is no further description of the image, it is impossible to evaluate the second, third, and fifth factors. While Special Agent Fox noted that the female minor's genitalia were "exposed" in the image,[33] the first factor similarly cannot be evaluated. Although exposed is defined by *Cambridge Dictionary* as "not covered; able to be seen"[34] and by *Merriam-Webster* as "open to view,"[35] this merely indicates that the minor's genitalia were displayed. There is no way to determine if the genitals were the "focal point" of the image. Finally, an inference can be made that the image was "intended or designed to elicit a sexual response in the viewer" given it was shared in an adult chat site, a common method used by child pornography collectors for the "distribution and receipt of child pornographic materials," and "[t]he majority of individuals who collect child pornography are persons who have a sexual attraction to children."[36]

---

[30] *Id.* at *27-28.
[31] *Id.* (quoting *Doe v. Chamberlin*, 299 F.3d 192, 196 (3d Cir. 2002)).
[32] Doc. 40 (Motion to Suppress Evidence), Ex. A (Search and Seizure Warrant) at 27.
[33] *Id.*
[34] *Exposed*, Cambridge Dictionary, https://dictionary.cambridge.org/dictionary/english/exposed (last visited Mar. 18, 2024).
[35] *Exposed*, Merriam-Webster, https://www.merriam-webster.com/dictionary/exposed (last visited Mar. 18, 2024).
[36] Doc. 40 (Motion to Suppress Evidence), Ex. A (Search and Seizure Warrant) at 22-23.

Consequently, the Court can only definitively conclude that two of the six *Dost*
factors were satisfied.

### b.      Other Facts Tie the Image to Child Pornography

Due to the mixed results of the *Dost* analysis, I now turn to the third way
identified by the Third Circuit: whether "some other facts [exist] that tie the
images' contents to child pornography."[37] The *Dost* factors form the initial basis of
this discussion.

Expanding out the scope of the analysis allows the Court to consider the
reliability and experience of the confidential source. As identified in the affidavit,
this individual has served as a confidential source "for approximately six years."[38]
Not only does a special agent from the FBI Jacksonville Division identify the
source as credible,[39] but a magistrate judge could independently reach that
conclusion as well given the confidential source has contributed to "at least twelve
arrests and/or search warrant executions and additional investigative activities"
around the country.[40] This suggests both a high degree of reliability as well as an
ability to discern when suspected CSAM shared on Website A crosses the line into
illegality.

---

[37]   *Pavulak*, 700 F.3d 651 at 661.
[38]   Doc. 40 (Motion to Suppress Evidence), Ex. A (Search and Seizure Warrant) at 29.
[39]   *Id.*
[40]   *Id.*

Additionally, the Court considers the circumstances in which this image was shared. A semi-anonymous username, "Jim50," uploaded an image of a nude minor "in the adult chat portion of an adult chat website" that has previously been used to distribute and share CSAM.[41] This method of distribution is highly indicative of the behavior of a collector of child pornography.[42]

After combining these facts with the two *Dost* factors that are present, it is a close question as to whether the warrant provided sufficient detail to enable a magistrate judge to conclude that the image was CSAM. Since "the resolution of doubtful or marginal cases … should largely be determined by the preference to be accorded to warrants,"[43] I ultimately do not need to decide this issue as the good-faith exception applies even if probable cause did not exist.

### c.    Good Faith Exception

"Under the good-faith exception, the suppression of evidence 'is inappropriate when an officer executes a search in objectively reasonable reliance on a warrant's authority.'"[44] "The test for the good faith exception is 'whether a reasonably well trained officer would have known that the search was illegal despite the magistrate[] [judge's] authorization.'"[45] "Officers act objectively

---

[41]    *Id.* at 27-29.

[42]    *Id.* at 23-24.

[43]    *Miknevich*, 638 F.3d at 182.

[44]    *United States v. Stevens*, No. 20-3357, 2022 U.S. App. LEXIS 100, at *6 (3d Cir. Jan. 3, 2022) (quoting *United States v. Williams*, 3 F.3d 69, 74 (3d Cir. 1993)).

[45]    *Id.* (quoting *United States v. Loy*, 191 F.3d 360, 367 (3d Cir. 1999)).

reasonably when they rely on a magistrate judge's resolution of a 'close call' in a probable cause determination."[46] Here, the officers executing this search warrant reasonably relied on the magistrate judge's resolution of what is a "close call."[47]

### 2.    Connection to the Searched Location

Casher next asserts that the "application [did] not sufficiently connect [Defendant] as the suspect individual within 193 Sunset Circle."[48] This argument is unconvincing. The application specifies "Jim50" as the username that uploaded the image.[49] The IP Address associated with "Jim50" was identified by the reliable confidential source, and Charter Communications subsequently supplied the subscriber's name, service address, username or features, and phone number associated with that account.[50] Although it is true, as Defendant notes, that Tammy Casher was listed as the subscriber with Charter Communications, this ignores several critical facts.[51] Most importantly, "jamesrcasher@yahoo.com" is listed as a username on the Charter Communications account used by "Jim50,"[52] and "Jim" is a diminutive of "James." Further, agents conducted surveillance of 193 Sunset Circle and determined that one vehicle at the residence was registered to Defendant

---

[46]   *Id.* (quoting *United States v. Stearn*, 597 F.3d 540, 567 (3d Cir. 2010)).
[47]   *Id.*
[48]   Doc. 41 (Brief in Support of Motion to Suppress Evidence) at 9.
[49]   Doc. 40 (Motion to Suppress Evidence), Ex. A (Search and Seizure Warrant) at 27.
[50]   *Id.*
[51]   *See id.* at 28.
[52]   *Id.* at 28.

at this same address.[53] Accordingly, the warrant application sufficiently connected Casher "as the suspect individual within 193 Sunset Circle."[54]

## III.   CONCLUSION

The warrant application sufficiently connects Casher to 193 Sunset Circle. While it is perhaps a closer call whether probable cause existed to authorize this search warrant, law enforcement reasonably relied in good faith on the magistrate judge's resolution of this difficult question. As such, Defendant's Motion to Suppress is denied.

An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[53]   Doc. 40 (Motion to Suppress), Ex. A (Search and Seizure Warrant) at 29-30.
[54]   Doc. 41 (Brief in Support of Motion to Suppress) at 9.